**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 15 2014, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Raquet Vandenbosch & Steele
Kokomo, Indiana

ATTORNEY FOR APPELLEE:

**JACOB D. WINKLER**
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE PATERNITY OF D.M.Y.: | ) |
| | ) |
| M. S. R., | ) |
| | ) |
| Appellant-Respondent, | ) |
| | ) |
| vs. | )　　No. 34A04-1310-JP-504 |
| | ) |
| B. Y., | ) |
| | ) |
| Appellee-Petitioner. | ) |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-9904-JP-59

**May 15, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Respondent, Michael S. Robinson (Robinson), appeals the trial court's determination of his child support arrearage.

We affirm.

ISSUE

Robinson raises one issue on appeal, which we restate as: Whether the trial court erred in determining his child support arrearage to be $13,055 as of July 29, 2013.

FACTS AND PROCEDURAL HISTORY

On August 20, 1999, Robinson was found to be the natural father of Bernice Young's (Young) two minor children. A weekly child support order was entered in the amount of $146.00. On November 16, 2010, the trial court found Robinson in arrearage of his child support payments in the amount of $21,337.00. The trial court noted that the State of Indiana had attached $17,992.84 from Robinson's bank account and ordered $15,000.00 released towards the arrearage.[1]

On June 20, 2012, the trial court conducted a hearing on Robinson's petitions to modify support, determine arrearage, and petition to show cause. Both parties were present during the hearing. At the proceedings, the State introduced evidence about its interception on June 30, 2011 of $7,025.84 out of Robinson's bank account. Young acknowledged that she had received a deposit in that amount in her bank account. At the same time, the State introduced Exhibit 1 which showed the State's calculation of

---

[1] Although Robinson claims that the trial court's order established Robinson's remaining arrearage to be $6,337.00, the trial court never included that conclusion in its order. Rather, the trial court noted an arrearage of $21,337.00, the State's attachment of $17,992.84, and a release of $15,000.00.

2

Robinson's arrearage as of December 31, 2011. The exhibit indicates the amount of $7,025.84 as sitting in the clerk of court's undistributed account. Robinson objected to the admission of the exhibit because "[i]t doesn't accurately reflect they've distributed the money. According to [Young's] testimony, they have just distributed the $7,025.00 to her and this doesn't reflect that so I would object." (Transcript pp. 42-43). The trial court admitted the exhibit over Robinson's objection, noting that the exhibit was accurate as of December 31, 2011 and would be accepted under that caveat. On September 18, 2012, following the hearing, the trial court found Robinson to be in arrears of his child support in the amount of $6,483.00 as of December 31, 2011.

On July 31, 2013, the trial court conducted a hearing on Young's motion to activate income withholding order, citation, motion for rule to show cause, and motion for civil sanctions as well as Robinson's motion for parenting time. On September 4, 2013, the trial court issued its order, establishing Robinson's arrearage at $13,055.00 as of July 29, 2013. The trial court found him in indirect contempt for this wilful failure to pay child support and authorized the issuance of a wage withholding order.

Robinson now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Robinson contends that the trial court erred in its determination of a $13,055.00 child support arrearage because the court neglected to take into account the distribution of $7,025.84 which took place on January 3, 2012. Therefore, he maintains that by crediting the distribution, his proper arrearage should be $6,029.16.

In the present case, the trial court *sua sponte* entered findings of fact and conclusions of law. When the trial court enters such findings *sua sponte*, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *Scoleri v. Scoleri*, 766 N.E.2d 1211, 1215 (Ind. Ct. App. 2002). In reviewing the judgment, this court must determine whether the evidence supports the findings and whether the findings support the judgment. *Id.* We will reverse a judgment only when it is shown to be clearly erroneous, "*i.e.*, when the judgment is unsupported by the findings of fact and conclusions entered on the findings." *Id.* For findings of fact to be clearly erroneous, the record must lack probative evidence or reasonable inferences from the evidence to support them. *Id.* In determining the validity of the findings or judgment, we consider only the evidence favorable to the judgment and all reasonable inferences to be drawn therefrom, and we will not reweigh the evidence or assess the credibility of witnesses. *Id.* Finally, a general judgment may be affirmed on any theory supported by the evidence presented at trial. *Id.*

First, Robinson did not timely appeal the complained error in calculation. Although Robinson assigns error to the trial court's order of September 4, 2013 for not crediting $7,025.84 towards his arrearage, the record reflects that this amount was paid to the Howard County Clerk's office on June 30, 2011 and distributed to Young on January 3, 2012. Subsequent to the payment of the amount to the Clerk's office, the trial court conducted a hearing on June 20, 2012 to determine Robinson's arrearage. During this hearing, the parties alerted the trial court that the payment had been made by Robinson. Thereafter, on September 18, 2012, the trial court issued an order finding Robinson in

4

arrears in the amount of $6,483.00 as of December 31, 2011. As the September 18, 2012 was a final order, Robinson should have appealed within thirty days of its issuance if he believed a calculation error had been made. *See* Appellate Rule 9(A).

Furthermore, assuming *arguendo,* that Robinson's appeal is timely, his argument—that the distribution of $7,025.84 was not taken into account by the trial court—is without merit. With respect to the calculation of child support arrearage, our case law makes a distinction between a credit towards the payment of child support and distribution of the amount.

Indiana Code section 31-16-9-1(1) provides that "[u]pon entering an order for support in . . . a dissolution of marriage decree . . . the court shall require that support payments be made through the clerk of the circuit court as trustee for remittance to the person entitled to receive payments." Thus, the clerk, as the "trustee for remittance," receives the child support payments on behalf of the custodial parent. *Richardson v. Hansrote*, 863 N.E.2d 1165, 1174 (Ind. Ct. App., 2008), *reh'g denied*. But one paying money to an agent authorized to receive it is entitled to credit for the payment as if the payment were made directly to the creditor. *Id.*

Thus, when the $7,025.84 child support payment was made on June 30, 2011, the clerk accepted those payments as trustee in remittance on behalf of Young. Therefore, at the time the payment was made, Robinson was entitled to credit for it as if it had been made directly to Young and thus would have been credited towards his arrearage on that day. Accordingly, the amount would have been taken into account in the State's exhibit

5

submitted to the trial court during the hearing of June 20, 2012 and by the trial court in its order of September 18, 2012. Therefore, we affirm the trial court.

CONCLUSION

Based on the foregoing, we conclude that the trial court properly determined Robinson's child support arrearage to be $13,055 as of July 29, 2013.

Affirmed.

BRADFORD, J. concurs

ROBB, J. dissents with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE PATERNITY OF D.M.Y.:   )
                                      )
                                      )
M.S.R,                             )
                                      )
     Appellant-Respondent,   )
                                      )
       vs.                     )     No. 34A04-1310-JP-504
                                        )
B.Y.,                              )
                                      )
     Appellee-Petitioner.     )

**ROBB, Judge, dissenting**

I agree with Robinson that the trial court erred in determining his arrearage, and therefore I respectfully dissent from the majority opinion affirming the trial court order.

Going back to the November 16, 2010 order—the last order to establish an actual arrearage prior to this most recent order—Robinson's arrearage was set at $21,337.00. From that date to the date of the most recent hearing, Robinson owed $20,586.00 in child support. His total support obligation was therefore $41,923.00. Howard County Clerk's Office records show that $15,000.00 from the attachment of Robinson's savings account

was paid toward his child support, a $7,025.84 check received by the Clerk's Office on June 30, 2011 was released to Young on January 1, 2012, and payments of $8,625.00 were made by Robinson for a total child support payment of $36,039.84. His arrearage therefore should be $5,738.00. The trial court's determination that Robinson was $13,055.00 in arrears therefore reflects that the $7,025.84 check was most likely not credited to him by the trial court ($13,055.00 - $5,738.00 = $7,317.00, which equates to the $7,025.84 check and two $146.00 weekly payments). In short, the trial court's math does not add up and I would reverse the arrearage determination.

With respect to the timeliness of Robinson's appeal, as I noted above, the last order to actually establish an arrearage was the November 16, 2010 order. The trial court's September 18, 2012 order addresses the credit for tax dependency to which Robinson was entitled in previous years, determining that he was current on his child support in 2004 through 2007 and in 2010, and entitled to a credit equal to the value of the tax dependency for those years. The order states that "[o]n 12/31/2011, [Robinson] was in arrears in the amount of $11,872.00. After the credit ordered herein, his arrearage is found to be $6483.00 as of 12/31/2011." Appellant's Appendix at 36. There is no hearing or order from December 31, 2011 reflected in the Chronological Case Summary, see id. at 12, there is no indication of how that arrearage was determined or what was included therein, and the figure was already nine months old at the time the order was entered. An actual, current arrearage was not established until the most recent order on September 4, 2013, and therefore I believe Robinson's appeal of that order has timely raised the issue of whether the trial court included the $7,025.84 payment and properly

8

determined his arrearage.  I would remand to the trial court to recalculate Robinson's arrearage with credit for that payment.